```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF UTAH
```
_____

| | |
|---|---|
| WILLIAM ADAMS, | ) **MEMORANDUM DECISION &** |
| | ) **ORDER DENYING MOTIONS** |
|     Plaintiff, | ) |
| | ) Case No. 2:10-CV-746 DS |
| v. | ) |
| | ) |
| DR. RICHARD GARDNER et al., | ) District Judge David Sam |
| | ) |
|     Defendants. | ) |

_____

    Plaintiff, William Adams, has filed a *pro se* prisoner civil rights complaint.[1] Plaintiff's application to proceed *in forma pauperis* has been granted. Plaintiff now moves for appointed counsel and service of process.

    The Court first considers the motion for appointed counsel. Plaintiff has no constitutional right to counsel.[2] However, the Court may in its discretion appoint counsel for indigent inmates.[3] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4]

    When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in

---

[1] *See* 42 U.S.C.S. § 1983 (2011).

[2] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3] *See* 28 U.S.C.S. § 1915(e)(1) (2011); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[5] Considering the above factors, the Court concludes here that (1) it is not clear at this point that Plaintiff has asserted a colorable claim; (2) the issues in this case are not complex; and (3) Plaintiff is not incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

Next, the Court denies for now Plaintiff's motion for service of process. The Court has yet to make a final determination whether to dismiss Plaintiff's complaint or order it to be served upon Defendants.[6] Plaintiff need do nothing further to trigger this process.

IT IS HEREBY ORDERED that:

(1) Plaintiff's request for appointed counsel is DENIED, (*see* Docket Entry # 4); however, if it later appears that counsel may be needed or of specific help, the Court may ask an attorney to appear pro bono on Plaintiff's behalf. No further motions of this nature are necessary.

---

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

[6] *See* 28 U.S.C.S. § 1915A (2011).

(2) Plaintiff's motion for service of process is DENIED, (see Docket Entry # 5); however, if, upon further review, it appears that this case has merit and states a claim upon which relief may be granted, the Court may order service of process.

DATED this 8th day of February, 2011.

BY THE COURT:

_____
DAVID SAM
United States District Judge